# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**HAAD RASHAD CHILDS,**

    **Defendant.**

:

Case No. 2:23-cr-108
Judge Sarah D. Morrison

## OPINION AND ORDER

On January 19, 2024, this Court issued an Opinion and Order suppressing evidence against Defendant Haad Rashad Childs that was collected in violation of the Fourth Amendment. (Jan. 19 Order, ECF No. 47.) The case is now before the Court on the Government's Motion for Reconsideration of the January 19 Order. (Mot., ECF No. 52.) Mr. Childs responded (Resp., ECF No. 53) and the Government filed its reply (Reply, ECF No. 54). The Motion is **DENIED**.

### I.  FACTUAL BACKGROUND

The relevant facts are discussed in the Court's January 19 Order and will not be repeated here.

### II.  PROCEDURAL BACKGROUND

The Government commenced this action by filing a Complaint on November 14, 2022. (ECF No. 1.) Six months later, a federal grand jury indicted Mr. Childs on one count of Possession of a Firearm by a Convicted Felon. (ECF No. 12.) Mr. Childs

filed a motion[1] to suppress evidence recovered during an allegedly unlawful search of Mr. Childs's vehicle. (ECF No. 27.) The legal rationale supporting the motion is below:

> In this case, the only basis for the traffic stop was for failure to have a displayed license. Furthermore, the Ohio State Supreme Court has held that when police officers stop motor vehicles which displays neither a front nor rear license plates, but upon approaching the stopped vehicle observes temporary tag that is visible through the rear windshield, the driver may not be detained further to determine the validity of the driver's license absent some specific and articulable facts indicating that detention was reasonable. *State v. Chatton*, 11 Ohio St. 3d 59 (1984).
>
> In this case once the Columbus Police Officers approached the vehicle and saw the dealer's tag in the back window, there was no basis to continue to detain Mr. Childs. There is no indication that the officers were aware of any other traffic violations at that time. Thus, there was no basis to continue to detain Mr. Childs nor require him to provide his driver's license and identification.

(*Id.*, PAGEID # 68.)

The Government opposed Mr. Childs's motion, arguing in its written memorandum that: the officers had probable cause for a traffic stop because they did not see a license plate displayed (ECF No. 31, PAGEID # 106); the officers had probable cause to search the vehicle because Mr. Childs admitted to possessing marijuana (*id.*, PAGEID # 108); and Mr. Childs's pre-search statements were admissible despite not having been read his *Miranda* rights (*id.*, PAGEID # 106–07).

The Court heard evidence and argument on the Motion to Suppress on December 19, 2023. (Hr'g Tr., ECF No. 48.) Deputy Koller, Deputy Dillon, and

---

[1] Mr. Childs filed three other pre-trial motions. (*See* ECF Nos. 24, 28, 29.) None of those motions are at issue here.

2

Detective Bevier each testified. (*Id.*, *generally*.) While on the stand, Deputy Koller expressed his belief that Mr. Childs's temporary license plate was displayed in violation of Ohio law. (*Id.*, 12:2–16, 35:23–24.) Following the presentation of evidence, the Government argued the same position: that Mr. Childs's temporary license plate was displayed in violation of Ohio law. (*Id.*, 70:25–71:23.) The Government added only that, under *Robinette v. Ohio*, 591 U.S. 33 (1996), Deputy Koller was permitted to ask Mr. Childs additional questions so long as those questions did not prolong the purposes of the traffic stop. (Hr'g Tr., 74:15–75:18.)

One month later, this Court issued the January 19 Order granting Mr. Childs's Motion and suppressing all evidence obtained during the search. (Jan. 19 Order.) The Government now asks the Court to reconsider. (Mot.)

### III. LEGAL STANDARD

The Federal Rules of Criminal Procedure do not address motions for reconsideration. Nevertheless, the Supreme Court has recognized one's ability to file such a motion in a criminal case. *See United States v. Ibarra*, 502 U.S. 1, 6–7 (1991). Courts within the Sixth Circuit "typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)." *United States v. Robinson*, 5 F. Supp. 3d 933, 936 (S.D. Ohio 2014) (Rose, J.) (further citation omitted). "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). "This standard obviously vests significant discretion in district courts." *Rodriguez v. Tenn. Laborers*

3

*Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (discussing the substantially identical test for evaluating a Rule 54(b) motion).

The Sixth Circuit minced no words on this subject: "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *accord State Farm Mut. Auto. Ins. Co. v. Angelo*, 95 F.4th 419, 435 (6th Cir. 2024) ("Motions for reconsideration are not an opportunity to re-argue a case, and should not be used liberally to get a second bite at the apple.") (internal quotations and citations omitted); *Al-Sadoon v. FISI\*Madison Fin. Corp.*, 188 F. Supp. 2d 899, 902 (M.D. Tenn. 2002) ("This court generally will consider motions for reconsideration pursuant to the grounds available for motions to alter or amend under Rule 59(e) or upon a showing that the court clearly overlooked material facts or controlling law *that were presented by the party in its prior motion* and that would result in a different disposition.") (emphasis in original.). The Sixth Circuit has also quoted the First Circuit's decision in *F.D.I.C. v. World Univ. Inc.*:

> Rule 59(e) motions are aimed at *re* consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued.

978 F.2d 10, 16 (1st Cir. 1992) (emphasis in original). The Supreme Court has recognized the same principle. *Banister v. Davis*, 140 S.Ct. 1698, 1703 (2020) (explaining that courts considering Rule 59(e) motions "will not address new arguments . . . that the moving party could have raised before the decision issued").

4

## IV. DISCUSSION

Through the instant Motion, the Government urges the Court to "reconsider" the January 19 Order on the basis of clear error. (Mot.) It argues that Deputy Koller's understanding of Ohio law, even if incorrect, was not objectively unreasonable and was thus sufficient to sustain reasonable suspicion. (*Id.*, citing *Heien v. North Carolina*, 574 U.S. 54 (2014); *United States v. Stevenson*, 43 F.4th 641, 644 (6th Cir. 2022)). Because this theory was raised for the first time in the Motion for Reconsideration, it is not a proper basis for granting the relief the Government seeks.

The Government filed its response in opposition to the Motion to Suppress without any mention of this theory, and without requesting an extension to submit more fulsome briefing. At the hearing, the Government responded to the Court's skepticism about Deputy Koller's position on Ohio law (*see* Hr'g Tr., 70:17–24), but offered nothing about the effect of a reasonable but mistaken understanding of that law. The Government did not request leave to submit post-hearing briefs.

In short, the Government had ample opportunity to make this argument before the January 19 Order issued. It did not. The argument appears for the first time in the Motion for Reconsideration, so the Court will not consider it. *See Robinson*, 5 F. Supp. 3d at 939 (finding a legal theory that "was available to the government at the time of its initial response in opposition to Defendant's motion" to suppress evidence to be "an improper basis for a motion to reconsider").

## V. CONCLUSION

The Motion for Reconsideration (ECF No. 52) is **DENIED**.

5

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**